IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LENARD WOOD | § |
| | § |
| | §  **CIVIL ACTION NO. _____** |
| | § |
| | §  **JUDGE _____** |
| VS. | § |
| | §  **JURY DEMAND** |
| | § |
| TW&J TRANSPORTATION, LLC, ET AL | § |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

NOW COMES LENARD WOOD, hereinafter called Plaintiff, complaining of TW&J TRANSPORTATION, LLC, hereinafter called Company Defendant, and KENNETH RAY JOHNSON, hereinafter called Driver Defendant, and for cause of action and grounds for relief would respectfully show to the Court and jury the following:

1.

Plaintiff, LENARD WOOD, resides in Shelby County, Texas.

2.

Defendant, TW&J TRANSPORTATION, LLC, is a limited liability company doing business in Arkansas. Service of process may be had by serving copies of this complaint and process upon TW&J TRANSPORTATION, LLC, in whatever legal capacity it exists, whether sole proprietorship, partnership, corporation or some other form of legal organization, and may be served with citation upon its agent, Terrence Sanders, at 2400 McCain Blvd, Apt. 2049, North Little Rock, AR 72117.

PLAINTIFF'S ORIGINAL COMPLAINT - PAGE 1

Defendant, KENNETH RAY JOHNSON, resides in Little Rock, Arkansas and may be served with process at P. O. Box 166504, Little Rock, AR 72216.

3.

The amount involved in this action is in excess of SEVENTY- FIVE THOUSAND DOLLARS ($75,000.00) exclusive of interest and costs. This Court has jurisdiction of this cause under Title 28 U.S.C.1332 in that Plaintiff and Defendants are citizens of and domiciled in different states, and the amount in controversy exceeds $75,000.00.

4.

On or about August 30, 2013, a wreck occurred on Texas State Highway 59, when Driver Defendant, KENNETH RAY JOHNSON, while operating an eighteen wheeler for Company Defendant, TW&J TRANSPORTATION, LLC, pulled out in front of the Plaintiff, colliding with the passenger vehicle he was driving, resulting and causing him severe personal injuries and damages.

5.

The wreck resulted from the negligent acts and/or omissions of the Driver Defendant, KENNETH RAY JOHNSON, in the course and scope of employment for said Company Defendant, TW&J TRANSPORTATION, LLC, in one or more of the following particulars:

(1) Pulling off a busy state highway at night at a location where it was hazardous and dangerous to pull back onto a heavily traveled highway;

(2) Pulling out into oncoming traffic when it was unsafe;

(3) Failing to yield right of way;

(4) Failing to keep a proper lookout;

(5) Failing to have properly operating lights on the eighteen-wheeler;

(6)   Failing to properly and adequately inspect the eighteen-wheeler lights;

(7)   Failing to control his vehicle; and

(8)   Failing to react and/or respond in a reasonable manner.

Each of the above foregoing acts and/or omissions constituted negligence, and either singularly or concurrently, were a proximate cause of the collision made the basis of this action and Plaintiffs' injuries.

Further, the acts and/or omissions of the Driver Defendant was in violation of the Texas Traffic Regulations. Driver Defendant and Company Defendant are therefore negligent as a matter of law; and which said negligence was a proximate cause of Plaintiff's injuries and damages. Company Defendant is responsible and liable for the negligent and negligent per se acts and/or omission of its driver.

6.

Company Defendant was also negligent in allowing the Driver Defendant to operate and continue to operate Company Defendant's commercial motor vehicle, and was negligent in qualifying and re-qualifying Driver Defendant as an operator for Company Defendant. Said Company Defendant was further negligent in hiring, maintaining and retaining the Driver Defendant. Said Company Defendant was further negligent in failing to train, instruct, monitor and supervise; and properly and adequately train, instruct, monitor and supervise the Driver Defendant. In addition, said Company Defendant was negligent in failing to inspect and maintain the eighteen-wheeler, including its lights. The foregoing negligent acts and/or omissions, acting either singularly or concurrently, were the proximate cause of the Plaintiff's personal injuries and damages made the basis of this suit.

7.

Further, the Company Defendant was negligent in entrusting to the Driver Defendant the vehicle that was being driven by said Driver Defendant at the time of the collision, especially in the condition the driver was in. Company Defendant knew or should have known that Defendant Driver was unqualified, unfit and/or reckless. Such negligence was the proximate cause of the wreck in question which resulted in the personal injuries and damages of the Plaintiff.

8.

The above-mentioned negligent acts, acting in combination and in concert, constitute negligence above and beyond ordinary negligence, and to such a degree, as to constitute reckless conduct in the operation of Corporate Defendant's Driver on the public roads of the State of Texas. Such reckless and unsafe conduct was the proximate cause of the collision of August 30, 2013, and Plaintiff's severe and permanent injuries.

9.

On the date of the wreck made the basis of this action, Plaintiff, LENARD WOOD, was a man of the age of sixty (60) years and had a life expectancy of 21.5 years according to the Standard Ordinary Tables of Mortality of the U.S. Department of Health and Human Services.

As a proximate result of said collision, Plaintiff suffered bodily injuries. His injuries have caused him to suffer physical pain and mental anguish and he will in all reasonable probability continue to suffer from such physical pain and mental anguish for a long time in the future, if not for the balance of his natural life.

Further, as a result of Plaintiff's injuries, he has sustained and will continue to sustain in the future physical impairment, loss of household services, and physical disfigurement.

Further, as a result of his injuries sustained in the collision, he has suffered a loss of the capacity to work and earn money, and in reasonable probability, his capacity to work and earn money in the future has been substantially diminished and impaired or totally destroyed on a permanent basis.

On account of the nature, seriousness and severity of his injuries, Plaintiff has required and will continue to require in the future medical care. He has been required and will in the future continue to be required to pay and incur liability to pay the charges which have been made for such medical services. The charges which have been made and which will be made for services rendered have represented and will represent the usual, reasonable and customary charges for like and similar services in the vicinity where they have been and will be rendered. All of such services, both past and future, have been and will be made necessary in connection with the proper treatment of the injuries suffered by the Plaintiff as a result of this wreck.

By reason of the foregoing, Plaintiff has sustained and will sustain damages in an amount in excess of the minimum jurisdictional limits of this Court.

10.

Plaintiff would further show the Court that Driver Defendant's and Company Defendant's conduct made the basis of this suit was committed with gross negligence and was in violation of Texas law and created a clear and present danger to the oncoming motorists.

Further, a reasonable prudent person in the same or similar position as said Defendants at the time of the occurrence would have realized that their conduct created an extreme degree of risk, considering the probability and magnitude of the potential harm to others, including the Plaintiff, and said Defendants had actual knowledge and awareness of the risk involved, but nevertheless,

proceeded with conscious indifference to the rights, safety or welfare of others, including the Plaintiff.  Plaintiff seeks punitive damages in an amount allowed and authorized under Texas law, including Section 41.008 of the Texas Civil Practice and Remedies Code.

11.

Plaintiff also seeks to recover prejudgment interest at the appropriate legal rate, either under the Texas Finance Code or the common law, whichever is applicable.

12.

Plaintiff demands a jury trial and tender the appropriate fee with the Complaint.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that on final trial, Plaintiff has judgment against Defendants for those actual and punitive damages described above and in the full amount allowed by law, together with prejudgment interest and interest on such amount at the legal rate and for costs of Court.  Plaintiff further prays for such other relief to which Plaintiff may be justly entitled at law or in equity.

Respectfully submitted,

J. Mark Mann
**MANN, TINDEL & THOMPSON**
300 West Main Street
Henderson, Texas 75652
Telephone No.:  (903) 657-8540
Facsimile No.:  (903) 657-6003
mark@themannfirm.com

**LAW OFFICE OF DON WHEELER**
101 Tenaha Street
P. O. Box 1687
Center, Texas  75935
Telephone No.:  (936) 598-2925
Facsimile No.:  (936) 598-7024
velawson@sbcglobal.net

BY:    /s/ Don Wheeler
       DON WHEELER
       Texas Bar No. 21256200

       ATTORNEYS FOR PLAINTIFF